**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

**v.**

**JEROME A. PORTER,**

**Defendant.**

**Criminal Action No. 93-315-03(RCL)**

FILED
SEP - 2 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM**

Defendant Jerome Porter's petition for leave to file a motion under 28 U.S.C. § 2255 is before this Court. For the following reasons Mr. Porter's motion is transferred to the Court of Appeals for consideration.

Mr. Porter previously filed a § 2255 motion on January 15, 1999. Dkt. 178. This Court's denial was subsequently affirmed by the Court of Appeals. *United States v. Porter*, 2003 WL 179852, at *1 (D.C. Cir. January 24, 2003). As such, Mr. Porter's petition is a second or successive petition and prior to consideration by this Court, his motion must be certified by a panel of the Court of Appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). As no such certification has been obtained, this Court lacks jurisdiction to consider Mr. Porter's motion. *Burton v. Stewart*, 549 U.S. 147, 157 (2007); *Moore v. Dep't of Justice*, No. 98-5085, 1998 WL 545421, at *1 (D.C. Cir. July 17, 1998); *Judson v. United States*, No. 97-5140, 1998 WL 315593, at *1 (D.C. Cir. May 29, 1998); *see also Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). The Court thinks the appropriate action is then to transfer the petition to the Court of Appeals for their consideration. *Cephas v. Nash*, 328 F.3d 98, 104 n.5 (2d Cir. 2003); *see also*

*Harris v. United States*, 522 F. Supp. 2d 199, 203 (D.D.C. 2007); *see also Liriano v. United* States, 95 F.3d 119, 123 (2nd Cir. 1996) (per curiam); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Coleman v. United States*, 106 F.3d 339, 340-41 (10th Cir. 1997).

Notwithstanding the transfer to the Court of Appeals, it is unlikely defendant's claim will prevail. In *Blakely v. Washington*, 542 U.S. 296 (2004), the U.S. Supreme Court held that the Sixth Amendment prohibits judges from enhancing criminal sentences based on facts that are not decided by a jury or admitted by the defendant. However, this Circuit has held that *United States v. Booker*, 543 U.S. 220 (2005), which applied the *Blakely* rule to the federal sentencing guidelines, is not retroactively applicable to cases on collateral review. *See In re Fashina*, 486 F.3d 1300, 1306 (D.C. Cir. 2007); *In re Zambrano*, 433 F.3d 886, 888 (D.C. Cir. 2006).

As such, it is hereby ordered that Mr. Porter's § 2255 motion be transferred to the Court of Appeals for their consideration as to whether it meets the standards set for under 28 U.S.C § 2244.

A separate order shall issue this date.

Royce C. Lamberth 9/2/09
ROYCE C. LAMBERTH
Chief Judge
United States District Court